ROGER F. MORAN and EVELYN J. MORAN, Plaintiffs

v.

MILTON J. ROSENAU, WILLIAM BACHMAN and ANTILLES
LAND DEVELOPMENT, INC., Defendants

Civil No. 262-1962

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 28, 1965

*See, also, 240 F.Supp. 740*

DUDLEY, HOFFMAN & GRUNERT (GEORGE H. T. DUDLEY),
St. Thomas, Virgin Islands, *For plaintiffs*
McGOWAN & LOUD (JOSEPH McGOWAN), St. Thomas,
Virgin islands, *for defendant Milton J. Rosenau*
BIRCH, MADURO & DEJONGH (EVERETT B. BIRCH),
St. Thomas, Virgin Islands, *for defendants William
Bachman and Antilles Land Development, Inc.*

GORDON, *District Judge*

## MEMORANDUM OPINION

This civil action to confirm an award in arbitration and for an accounting came on for trial on the 13th day of April, 1965. At the conclusion of the plaintiffs' case, the defendants moved this Court for a directed verdict on both causes of action. The Court granted the defendants' motions. The discussion which shall follow is the Court's opinion pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

The plaintiffs in their first cause of action against the defendants alleged and proved the following: The plaintiffs and the defendants are realtors in St. Thomas, Virgin Islands, and were members of the St. Thomas and St. John Real Estate Board. They subscribed to the By-Laws and Code of Ethics of the organization. A dispute arose between the plaintiffs and the defendants over who was entitled to a $600.00 brokerage commission for the lease of certain land in St. Thomas. After correspondence was exchanged between the parties, the plaintiffs sent a letter to the Real

Estate Board dated December 6, 1961, wherein they made a formal complaint against the defendants. The letter was not verified as provided for by the By-Laws. The Real Estate Board held a hearing wherein the plaintiffs were awarded the brokerage commission. The procedures outlined by Section 7 of the By-Laws were never complied with by the Professional Standards Committee of the Real Estate Board. The evidence showed the following irregularities: (1) the complaint by the plaintiffs against the defendants was not verified; (2) the defendants were never notified of the hearing and in fact were not represented or present at the hearing; (3) the defendants did not agree to submit the dispute to arbitration as was provided for by Section 7 of the By-Laws:

> *"Section 7. Arbitration.* In matters involving arbitration of business disputes a verified complaint shall be filed by the complaining member with the Secretary of the Board. The Secretary shall deliver the complaint to the chairman of the Committee. The Committee shall examine the complaint and shall cause the respondent to be notified in writing of the particulars of the charges, enclosing a copy of the complaint and of an agreement to submit the dispute to arbitration and to abide by the award, if any . . . ."

There was a subsequent hearing in which the defendants refused to participate. At the subsequent hearing, the Committee again found in favor of the plaintiffs against the defendants.

■■ The Court is of the opinion that the procedural defects were so irregular as to nullify any action taken by the Committee. Secondly, since the parties must agree in writing to arbitrate and to be bound by the award, a lawsuit to enforce an arbitration award wherein one of the parties did not agree to arbitrate would be of no legal force and effect. Therefore, the Court must find for the defendants on the first cause of action.

The second cause of action is essentially one for an accounting. The plaintiffs alleged and proved the following

116

facts: The plaintiffs and the defendant Rosenau were partners in a real estate brokerage business. The plaintiffs and the defendant Rosenau entered into a land development agreement with Ronald and Winston deLugo for the subdivision of Estate Fortuna, St. Thomas, V.I. Subsequent to the agreement, Rosenau sold his interest in the partnership to the plaintiffs. Rosenau then joined the firm of the Antilles Land Development, Inc., as a commission salesman. Several months later the Antilles Land Development, Inc., entered into a land development agreement with Ronald and Winston deLugo for the subdivision of Estate Fortuna which was the same subject matter of the agreement the plaintiffs had with the deLugos for the subdivision of Estate Fortuna.

█ The plaintiffs failed to show that either an implied or express agreement existed between the plaintiffs and the defendants. Privity between the parties is the essential element which would determine whether the plaintiffs are entitled to an accounting. (4 Pomeroy's Equity Jurisprudence § 1421 et seq.) The plaintiff failed to prove privity, therefore, the Court must direct a verdict in favor of the defendants on the second cause of action.

█ The Court has reviewed the plaintiffs' case in the most favorable light to the plaintiffs, and concludes that they have failed to make out a prima facie case upon which a finding could be made in their favor. Therefore, the Court enters judgment for the defendants pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure, which provides:

". . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief . . . ."

Judgment in favor of the defendants against the plaintiffs dismissing the complaint shall be entered accordingly.